**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37508**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 304 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 4, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NATHAN SALLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jordan E. Taylor, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge, LANSING, Judge
and GUTIERREZ, Judge

_____

PER CURIAM

Nathan Salley pleaded guilty to one count of possession of over three ounces of marijuana, I.C. § 37-2732(e), and the court initially withheld judgment and placed Salley on probation. After several probation violations, however, the court entered judgment and imposed a unified five-year sentence with a two-year determinate term, retaining jurisdiction for 180 days. Upon completion of his rider Salley was again placed on probation. Subsequent probation violations resulted in revocation of his probation and execution of his sentence.

Nearly three years later, Salley filed a motion pursuant to Idaho Criminal Rule 35 to "correct or reduce an illegal sentence." By the motion, Salley did not seek a reduction of his period of incarceration, but restoration of his civil rights so that he would be allowed to vote.

1

The district court denied the motion, and Salley appeals. On appeal, Salley argues that because the maximum penalty for his crime is five years of incarceration, and probation can be no longer than the maximum term of confinement, suspension of his civil rights may last no longer than five years of combined probation and incarceration.

Salley's argument is without merit. The suspension of civil rights for those convicted of a felony is governed by Article VI, Section 3 of the Idaho Constitution and I.C. § 18-310. The constitutional provision specifies that no person is permitted to vote or exercise certain other civil rights if that person has been convicted of a felony and has not been restored to the rights of citizenship or is confined in prison. Section 18-310 provides that "a sentence of custody to the Idaho state board of correction suspends all the civil rights of the person so sentenced" until "final discharge," which is defined as the "satisfactory completion of imprisonment, probation and parole as the case may be." The suspension of a felon's civil rights under these provisions of Idaho law does not constitute a part of the individual's sentence; it is not imposed by the sentencing court but occurs as an automatic collateral consequence of the individual's conviction. The sentencing court has no authority to prevent or shorten the suspension of a felon's right to vote.

Idaho Criminal Rule 35 empowers a court only to alter a sentence. Because the suspension of Salley's civil rights was not a part of his sentence, Rule 35 does not provide a mechanism by which to obtain reinstatement of Salley's voting rights. Therefore, the district court correctly denied the motion.

The district court's order denying Salley's Rule 35 motion is affirmed.